UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT GATES                                                                                    PETITIONER

VERSUS                                                         CIVIL ACTION NO. 3:19CV581-TSL-RHW

VICTOR MASON                                                                                 RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Robert Gates filed a 28 U.S.C. § 2241 petition challenging his pre-trial confinement in the Hinds County Detention Center.  On September 21, 2018, Gates was arrested on the charge of possession of methamphetamine.  Doc. [6-1].  He was released on bond on December 7, 2018, and later re-arrested on separate charges on February 25, 2019.  *Id.*  On August 20, 2019, he filed the instant petition.  A Hinds County Circuit Court grand jury indicted Gates on October 25, 2019, for possession of methamphetamine and as a habitual offender.  Doc. [6-2].  Gates currently has a plea date of June 23, 2020, and trial date of August 10, 2020.  Doc. [6-4].  On December 3, 2019, Gates was released from custody on bond.  Doc. [6-1].

In his petition, Gates argues his due process rights have been violated, his constitutional right to a speedy trial has been denied, and his detention is illegal.  He requests that he be released immediately from custody and that charges be dismissed.  Respondent has filed a motion to dismiss.  Doc. [6].  Gates has not filed a response in opposition.

**Law and Analysis**

Gates' federal habeas petition challenges his confinement on pending state criminal charges, which are currently set for trial on August 10, 2020.  In the prayer for relief, Gates requests immediate release from custody and dismissal of the charges against him.  Gates has been released on bond from custody; therefore, to the extent he seeks release from custody, his

petition is now moot.  *Salgado v. Federal Bureau of Prisons*, 220 F. App'x. 256, 257 (5th Cir. 2007).

As a pre-trial detainee, Gates has the right to seek habeas relief pursuant to § 2241.  However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court.  *Braden*, 410 U.S. at 493.  To the extent Gates seeks to have the charges dismissed against him based on due process and speedy trial claims, his petition is without merit.  He has not identified any special circumstances that would cause this Court to entertain his premature request for release from custody.  Accordingly, Gates' petition should be dismissed with prejudice for failure to state a claim upon which § 2241 relief may be granted.

In the alternative, Gates' petition fails because he has not exhausted state remedies.  As the Fifth Circuit explained, "although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."  *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).  In his petition, Gates indicates he has not previously challenged the alleged illegal detention prior to filing the instant federal petition.  Accordingly, by his own admission, he has failed to exhaust state remedies.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [6] Motion to Dismiss be GRANTED and that Robert Gates' 28 U.S.C. § 2241 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 14th day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE